IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| DAVID JOHNSON and ELIZABETH JOHNSON, | § § § |
| Plaintiffs, | § § |
| vs. | §   CASE NO.: CV-08-732 |
| EAST BAY KIA, INC., and SUNTRUST BANK, INC., | § § § § |
| Defendants. | § § |

## COMPLAINT

COME NOW the plaintiffs, David Johnson and Elizabeth Johnson, (hereafter the "Plaintiffs") by counsel, and for this complaint against the above-named defendants, alleges as follows:

### JURISDICTION AND VENUE

1. This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331. This action also includes state law claims as to which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

2. In addition to the state law claims plaintiffs also claim damages pursuant to the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq. (TILA), and the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq., (ECOA).

## THE PARTIES

3. Plaintiff, David Johnson is a 73 year old who is married to plaintiff Elizabeth Johnson, who is 61 years old. Both are residents and citizen of Baldwin County, Alabama.

4. Defendant, East Bay Kia, Inc., ("KIA") is on information and belief a corporation and operates a new and used car dealership located in Daphne, Alabama.

5. Defendant, SunTrust Bank, ("SUNTRUST") is a banking corporation located in Atlanta, Georgia, and is engaged in the business of banking and extending credit to consumers.

6. On information and belief KIA was acting as an agent for SUNTRUST at all relevant times herein.

## FACTUAL ALLEGATIONS

7. All the events complained of herein occurred in Baldwin County, Alabama.

8. On or about August 16, 2008, plaintiffs entered into an agreement to purchase a 2008 Kia Sorento automobile, VIN KNDJD735785761552, based on the representations made by agents of defendant KIA and financed through defendant, SUNTRUST.

9. Prior to the purchase of the automobile at issue the plaintiffs received an advertisement by mail for a *"Total Vehicle Clearance Event!"* at East Bay Kia that was scheduled from August 11th to August 20th 2008, with numerous vehicles and financing deals advertised as "available to the public."

10. Plaintiffs went to East Bay Kia to view the selection of vehicles.

11. Plaintiffs were immediately approached by a salesperson of KIA and shown a 2008 Kia Sorento.

12. The salesperson offered the Sorento to the plaintiffs at the sticker price and to further entice the plaintiffs, included thousands of dollars in rebate offers.

13. Furthermore, plaintiffs were also told that they would receive a check in the mail for $2,000.00 paid by KIA for purchasing the vehicle.

14. The salesperson also stated that, because of their age, KIA would pay several hundred dollars per month toward the loan. He explained that they were eligible for a special "Senior Program" which was designed specifically for elderly buyers and the plaintiffs would only pay the balance remaining on the monthly payment. This agreement would continue for a six month period at which time KIA would refinance the car at a lower monthly rate.

15. Plaintiffs were also promised by the agent of KIA that they would receive hundreds of dollars worth of free gasoline and other prizes as a result of purchasing the vehicle from KIA.

16. Believing all of these representations made by the KIA salesperson and relying upon them, plaintiffs agreed to the terms and waited at the dealership until the paperwork was ready to sign.

17. During the signing of the loan and purchase documents, the plaintiffs were rushed through the process, were not allowed to review the documents and were told "just to sign" by agents of defendants.

18. Plaintiffs signed several form documents that appeared blank.

19. When the plaintiffs questioned the agent about the terms and blank documents, they were informed by the defendants' agents that the deal, as promised prior to the signing of the documents, would be reflected in the completed instruments.

20. Plaintiffs signed several documents at the time of the closing, but were not provided any documentation regarding the terms of the sales agreement and were not provided a Truth-in-Lending disclosure statement or an ECOA notice of action taken.

21. Plaintiffs finally received paperwork in the mail over a week after the purchase that did not include an ECOA notice but did include an inaccurate Truth-in-Lending disclosure that failed to reflect the terms and conditions presented by the agent for KIA at the time the plaintiffs purchased the Kia Sorento.

22. The plaintiffs discovered when they opened up the mail from KIA that none of the rebates promised were disclosed in the documents and in fact they were paying a total amount of $30,889.74 for the Kia Sorento, including fees of $700 for "GAP" insurance, and a $2,700 service contract fee that was not disclosed or bargained for at the time of the sale.

23. The TILA disclosures also reflected a cash price for the vehicle of $34,773.74, not the sticker price as promised, and a "manufacturer rebate" of $5,000.00 that "reduced" the sales price to $29,773.74 as KIA "marked it up" before they "marked it down".

24. In fact, prior to receiving the TILA disclosures in the mail, the plaintiffs found the window sticker price shoved under the back seat of the Kia Sorento, which listed the sales price at $21,979.00.

25. Prior to bringing this action, the plaintiffs notified the defendant of their claim pursuant to Code of Alabama, (1975) Titles 7 and 8 § 8-19-5(9), (11), and (27).

26. The defendants KIA and SUNTRUST conspired and colluded with each other to cause the damages alleged by the plaintiffs herein.

27. SUNTRUST is also liable to the plaintiffs herein pursuant to the "FTC Holder Rule," 16 CFR § 433.

28. The defendants took adverse action against the plaintiff by not extending credit to them on the best terms available.

4

29. The plaintiffs are members of a protected group under the Equal Credit Opportunity Act ("ECOA").

## COUNT ONE
## FRAUD

30. Plaintiff incorporates the relevant foregoing paragraphs in this complaint as if fully set out.

31. Defendant KIA represented to the plaintiffs, on the date and time of the purchase of the 2008 Kia Sorento, that KIA would pay directly to the plaintiffs $2,000.00 and KIA would pay hundreds of dollars per month toward the loan for the car under a "Senior Program" and the plaintiffs would only be obligated to pay the difference of the monthly balance over the next six months when KIA would refinance the car.

32. Defendant KIA represented to the plaintiffs that the sticker price of the Kia Sorento would be reduced by rebates of several thousands dollars but, in fact, charged the plaintiff over $30,000.00 for the vehicle.

33. Defendant KIA represented to the plaintiffs that they were to receive hundreds of dollars of free gas and other prizes for purchasing the Kia Sorento.

34. Plaintiffs believed the said representations of the agents and employees of defendants and reasonably relied on and innocently acted upon them to their detriment by purchasing said 2008 Sorento.

35. These representations were false because defendants never provided the rebates to plaintiffs as promised; did not reduce the sale price of the Sorento; did not sell the Sorento for the price agreed upon; and did not provide the plaintiffs the free gas and prizes.

36. As a proximate result of said representations made by defendants, plaintiffs have suffered actual damages, mental anguish and emotional distress. Plaintiffs claim actual damages

and punitive damages of the defendants because of the intentional or gross and reckless nature of the fraud.

**WHEREFORE,** plaintiffs demand judgment for compensatory damages, consequential damages, costs, punitive damages and different legal and/or equitable relief to which the plaintiffs may be entitled in the cause to be determined by a jury.

## COUNT TWO
## BREACH OF CONTRACT

37. Plaintiffs incorporate the relevant foregoing paragraphs in this complaint as if fully set out.

38. This count is against defendant KIA only.

39. On the date specified above, plaintiffs entered into an agreement with defendant KIA whereby the plaintiffs would receive a Sorento for around $500.00 a month for 6 months in which Kia would pay hundreds of dollars toward the monthly payments and issue a check to the plaintiffs for $2,000.00, reflected by the note, attached as Exhibit A, that they received at the time of the consummation of the deal.

40. Plaintiffs also entered into an agreement with defendants in which they would purchase the 2008 Sorento with rebates and price reductions, totaling thousands of dollars in savings.

41. Defendant breached its contract by not issuing a check to the plaintiffs for the amount promised; failing to implement the monthly payments as promised; failing to sell the vehicle for the price agreed upon; and failing to reduce the price of the vehicle purchased as promised.

**WHEREFORE,** plaintiffs demand judgment against defendant for breach of the contract for actual damages, costs and attorney's fees.

## COUNT THREE
## TRUTH-IN-LENDING ACT VIOLATIONS

42. Plaintiffs incorporate the relevant foregoing paragraphs in this complaint as if fully set out.

43. The transaction at issue is a consumer transaction and is subject to the Truth-in-Lending Act, 15 U.S.C. § 1601 *et seq*.

44. The defendants violated the requirements of Truth in Lending and Regulation Z in the following and other respects:

> a. By failing to provide the required disclosures prior to consummation of the transaction in violation of 15 U.S.C. § 1638(b)(1) and Regulation Z § 226.17(b).

45. These violations were apparent on the face of the contract and documents.

**WHEREFORE**, plaintiffs demand judgment against defendant for willful and/or negligent violation of the Truth-in-Lending Act and seek actual damages, statutory damages, punitive damages, attorney fees and costs of this cause.

## COUNT FOUR
## CIVIL CONSPIRACY

46. Plaintiffs incorporate the relevant foregoing paragraphs in this complaint as if fully set out.

47. Defendants KIA and SUNTRUST participated in a conspiracy by furnishing false advertisement and financial information to lure consumers such as the plaintiffs to purchase vehicles from KIA that were not sold as advertised.

48. Defendants also participated in a conspiracy by making fraudulent statements and sales promises that were not included in the final terms of the purchase agreements in order to sell vehicles that were priced above the actual retail value to plaintiffs and others.

49. On information and belief, defendants also participated in a conspiracy whereby every vehicle sold by KIA which was financed by SUNTRUST would result in a "kick-back" or "yield spread premium" paid directly to KIA by SUNTRUST.

50. As a proximate result of the actions by the defendants, the plaintiffs suffered damages.

**WHEREFORE**, plaintiffs demand judgment against the defendants for actual damages, punitive damages, costs and attorney's fees.

## COUNT FIVE
### EQUAL CREDIT OPPORTUNITY ACT VIOLATIONS

51. Plaintiffs incorporate the relevant foregoing paragraphs in this complaint as if fully set out.

52. On information and belief, defendants increased the sales price of the vehicle herein based on the age of the plaintiffs and sold them a Kia Sorento for more than $9,000.00 above its actual retail value.

53. Defendants have otherwise discriminated against plaintiffs based on their age.

54. Defendants violated the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*, by discriminating against the plaintiffs on account of their age.

55. Additionally, the defendants have not complied with the notification requirements of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*, set forth in Regulation B, 12 C.F.R. §202.9(a)(1)(i) and had otherwise violated the ECOA.


**WHEREFORE**, plaintiffs demand judgment against defendants for willful and/or negligent violation of the Equal Credit Opportunity Act and seek actual damages, statutory damages, punitive damages, attorney fees and costs of this cause.

## COUNT SIX
## NEGLIGENT HIRING & SUPERVISION

56. Plaintiffs incorporate the relevant foregoing paragraphs in this complaint as if fully set out.

57. Defendants negligently or wantonly hired and/or supervised their agents which resulted in the wrongful conduct of the agents as set forth herein. Defendants either: (i) knew or should have known of the unfitness of its agents who are described above and yet employed them or continued to employ them or used their services without proper instruction with a disregard of the rights of the plaintiff, (ii) authorized the wrongful conduct of said agents set forth hereby, or (iii) ratified the wrongful conduct of the agents as set forth herein; and said wrongful acts of agents were calculated to and did benefit the defendants.

58. As a proximate result of the negligence and/or wantonness of defendants as set out above, the plaintiffs have been damaged by the actions of the defendants' agent.

**WHEREFORE**, plaintiffs demand judgment against defendants including compensatory and punitive damages and attorneys' fees and all costs of this litigation and all other just, general and equitable relief.

_____
JAMES D. PATTERSON (PATJ6485)
EARL P. UNDERWOOD, JR. (UNDEE6591)

Law Offices of Earl P. Underwood, Jr.
21 South Section St.
Fairhope, Alabama 36532
Phone: 251-990-5558
Fax:    251-990-0626
epunderwood@alalaw.com
jpatterson@alalaw.com

                    PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.

                                          JAMES D. PATTERSON, ESQ.

**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

East Bay Kia, Inc.
Registered Agent:   Richard Stoff
27320 Hwy 98
Daphne, Alabama 36526

SunTrust Bank
CSC Lawyers Incorporating Svc., Inc.
150 South Perry St.
Montgomery, AL   36104